IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR LEE MOORE,            )<br>    Plaintiff,            )<br>vs.                   )<br>                      )<br>LUPE VALDEZ, et al.,[1]            )<br>    Defendants.            ) | No. 3:08-CV-0003-N (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

While incarcerated in the Texas prison system,[2] plaintiff, a former inmate in the Dallas County Jail, filed the instant action pursuant to 42 U.S.C. § 1983 against the Dallas County Sheriff's Office and unnamed members of the Dallas County Jail Medical Staff. (Compl. at 3.) As set out in his complaint, his claims relate generally to a denial of dental care and exposure to unsanitary living conditions. (*Id.* at 3-4.)

In an effort to flesh out plaintiff's claims, the Court directed him to submit answers to a Magistrate Judge's Questionnaire (MJQ). On February 7, 2008, the Court received plaintiff's answers to the MJQ wherein he indicates that he no longer proceeds against the Dallas County

---

[1] Plaintiff clarified in his Answers to Magistrate Judge's Questionnaire received February 7, 2008, that he proceeds with this action only against Lupe Valdez and Jetta Richards. The Court thus captions this action to reflect that clarification.

[2] On March 21, 2008, plaintiff submitted a change of address which suggests that he has been released from physical confinement in the Texas prison system. Such change of address does not alter the analysis herein.

Sheriff's Office because it is a non-jural entity that is not subject to suit. (*See* Answer to Question 1 of MJQ.)[3] He instead amends his complaint to assert a claim against Dallas County Sheriff Lupe Valdez (Valdez) for denial of dental care. (*Id.*) Additionally, in place of the Dallas County Jail Medical Staff, he amends his complaint to assert a claim against Jetta Richards (Richards) for alleged denial of dental care and deprivation of pain medication.[4] (*See* Answer to Question 2 of MJQ.)

To ascertain the personal involvement of Valdez and Richards, the Court directed plaintiff to submit answers to a Second Magistrate Judge's Questionnaire (Second MJQ). On March 14, 2008, the Court received plaintiff's answers to the Second MJQ wherein he indicates that he sues Valdez because she is "over the county jail and should be held liable fo the actions of her employees." (*See* Answer to Question 5 of Second MJQ.) He contends that "[e]xecutives are responsible for their subordinates." (*Id.*) With respect to defendant Richards, he contends that as Head of the Medical Department at the Dallas County Jail, Richards "should be held liable for staff actions in denying [him] medical assistance." (*See* Answer to Question 6 of Second MJQ.)

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

---

[3] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[4] For ease of reference, the Court will simply identify the claims against Richards as a denial of dental care although the Court recognizes the denial of medication aspect of the claim against Richards.

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### III. SECTION 1983 RELIEF

Plaintiff seeks relief against Valdez and Richards under 42 U.S.C. § 1983 for alleged denial of dental care. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

In his answers to the Second MJQ, plaintiff specifically indicates that he sues Valdez and Richards due to their supervisory authority at the Dallas County Jail. To prevail against a supervisor under 42 U.S.C. § 1983, a plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation, or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subord-

3

inate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.*; *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

In this case, it is apparent that Valdez and Richards were not personally involved in the alleged deprivation of dental treatment. Plaintiff makes no allegation that either named defendant directly caused any alleged constitutional violation, or that they were deliberately indifferent to a violation of his constitutional rights. Plaintiff identifies no specific incident or causative link between his claims and conduct on the part of Valdez or Richards. He makes no allegations of any policy that impinged his constitutional or federally protected rights. Plaintiff's claims against Valdez and Richards are based solely on their supervisory roles. (*See* Answers to Questions 5 and 6 of Second MJQ ). Plaintiff has alleged insufficient facts to state a plausible claim against defendants Valdez or Richards. Because plaintiff has named no defendant who was personally involved in the alleged denial of dental care, this action should be dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

---

[5] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

SIGNED this 26th day of March, 2008.

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE